**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
John P. Gustafson
United States Bankruptcy Judge

Dated: November 8 2018

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 17-33936 |
| ) | |
| Charles Robert Ingledue, Sr., ) | Adversary Proceeding No. 18-03048 |
| ) | |
| Debtor, ) | Judge Mary Ann Whipple |
| _____ ) | |
| ) | |
| Charles Robert Ingledue, Sr., ) | |
| ) | **SETTLEMENT ENTRY AND** |
| Plaintiff, ) | **STIPULATION OF DISMISSAL WITH** |
| ) | **PREJUDICE** |
| v. ) | |
| ) | |
| United States of America, U.S. Dep't of ) | |
| Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff Charles Robert Ingledue, Sr. ("Plaintiff"), and Defendant United States of America, on behalf of the Defendant Department of Agriculture (hereinafter referred to as "Federal Defendant"), by and through Justin E. Herdman, United States Attorney, and Guillermo J. Rojas, Assistant United States Attorney, have reached an agreement in resolution of all matters in controversy. Plaintiff and Federal Defendant (collectively the "Parties") hereby stipulate to dismissal with prejudice of the instant case in accordance with this Settlement Entry and

Stipulation of Dismissal with Prejudice ("Settlement Agreement").

## RECITALS

A. On December 21, 2017, Plaintiff filed a Chapter 7 Voluntary Petition, In re Ingledue, 3:17-bk-33936 (Bankr. N.D. Ohio Dec. 21, 2018).

B. On his Amendment to Petition, (Doc. 10), Plaintiff listed the amount of Federal Defendant's claim as $4,698.00. Although Plaintiff identified Federal Defendant's claim as secured, Federal Defendant later communicated to Plaintiff that the claim was unsecured.

C. On April 21, 2018, this Court issued an Order of Discharge, (Doc. 12), thereby discharging Federal Defendant's claim along with other covered claims.

D. Due to administrative oversight, Federal Defendant subsequently attempted to collect from Plaintiff to satisfy the discharged claim.

E. On June 22, 2018, Plaintiff filed a Complaint for Violation of Discharge Order ("Complaint," Doc. 1), alleging that Federal Defendant violated the Order of Discharge by attempting to collect a debt.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Federal Defendant shall pay Plaintiff $1,600.00 ("Settlement Amount") for all claims, attorney fees, and costs. Federal Defendant shall disburse the Settlement Amount as follows: 1) the sum of $350.00 to Plaintiff for damages, 2) the sum of $1250.00 to Plaintiff's counsel for attorney fees and costs. The Settlement Amount shall constitute a full settlement, satisfaction, and release of any claims, demands, rights, and causes of action of action arising from the facts

alleged in the Complaint.

2. Federal Defendant will pay the Settlement Amount by government check no later than 30 days after the Effective Date of this Settlement Agreement as follows: 1) one check for $350.00 made payable to Plaintiff, Charles Robert Ingledue, Sr., and 2) one check for $1250.00 made payable to Plaintiff's attorney, Melissa R. Sherrick, for attorney fees. Federal Defendant will send both checks to Plaintiff's attorney at the following address:

> Melissa R. Sherrick
> 973 West North Street
> Lima, Ohio 45805

3. Federal Defendant will issue payment of the Settlement Amount within 60 days of the date the Court approves the instant stipulation and orders it executed.

4. This Settlement Agreement constitutes the complete agreement between the Parties. This Settlement Agreement may not be amended except by written consent of the Parties.

5. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

6. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

7. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

8. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

9. The Parties file this document as a stipulation and request that the Court order it.

APPROVED:

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY

By: *s/ Guillermo J. Rojas*
Guillermo J. Rojas (OH: 0069882)
Assistant United States Attorney
433 N. Summit Street, Suite 308
Toledo, Ohio 43604
Phone: 419-259-6376
Fax: 419-259-6360
guillermo.rojas@usdoj.gov

By: *s/ Melissa R. Sherrick*
Melissa R. Sherrick (OH: 0092324)
Counsel for Defendant/Debtor
973 West North Street
Lima, Ohio 45805
Phone: 419-228-21220
Fax : 419-222-6718
Email: melissa@reeveslpa.com

By: *s/ Charles Ingledue, Sr.*
Charles Ingledue, Sr.
Defendant/Debtor